UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

TURO, et. al.,

    Plaintiff,

v.

ORACLE CORP.,

    Defendant.

No. C 06-02846 SBA

**ORDER**

[Docket No. 39]

Before the Court is the parties' Joint Response to Court's Order of March 10, 2008 (the "Joint Response") [Docket No. 34] which contains a proposed Notice to Class of Proposed Settlement of Class Action (the "Notice"). Also before the Court is the parties' Stipulation and Settlement Agreement (the "Stipulation") [Docket No. 39]. The parties initially filed pleadings in this matter requesting the Court preliminarily certify two sub-classes for purposes of settlement under Federal Rule of Civil Procedure 23(b), preliminarily certify a collective for purposes of settlement under the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and approve the parties' settlement agreement regarding the class action and the collective action. *See* Docket Nos. 25-26.

After reviewing these initial pleadings, the Court requested the parties to (1) advise it regarding any related actions; (2) provide missing information regarding proposed class and collective counsel; (3) resolve inconsistencies between the pleadings; (4) distinguish the operation of the class action from the collective action; and (5) agree a magistrate judge would have continuing jurisdiction post-settlement. *See* Docket No. 30. Subsequently, the parties provided declarations addressing the first and second issues. *See* Docket No. 34-35. The parties also filed the Joint Response, but no other requested pleadings. *See* Docket No. 36. The Court then requested the parties to produce all pleadings. *See id.* The parties then filed the Stipulation, but without its exhibits. *See* Docket No. 39. Nonetheless, the Court reviewed the submitted pleadings and observed

///

while the parties satisfactorily addressed the third and fifth issues, for the following reasons, they did not satisfactorily address the fourth issue.

In the new Joint Stipulation, the parties stipulate to have the Court certify two subclasses under Rule 23, referred to as the "California Overtime Class" or "Class 1," Joint Stip. ¶ 10, and the "California Penalties Class" or "Class 2," *id.* These two classes cover persons who worked for defendant in California who allegedly were injured due to defendant's violation of California's wage or labor laws. *Id.* In addition, the parties stipulate to have the Court certify a collective under the FLSA, which encompasses persons who worked for defendant inside the United States but outside of California, and who were injured due to defendant's violation of the FLSA. *Id.* ¶ 11. The parties refer to the collective as the "Non-California Class," the "FLSA Collective Action Class," and "Class 3." *Id.*

In the Notice, which the parties title as "Notice to Class of Proposed Settlement of Class Action," Notice at 1, the parties define this matter as a "Class Action," *id.* at 1:23-26. Further, the parties state the purpose of the Notice is to inform recipients of the "status of the class action[,]" *id.* at 2 ¶ 1, and to inform them of their right to exclude themselves from settlement by "opting out[,]" *id.* ¶ 5; *see also id.* at 4:4. The Notice also informs recipients that:

> the Parties have satisfied the requisites for establishing class certification with respect to the Settlement Class members who work or worked in California with respect to claims under California law and for notice to proceed as a collective action under Section 216 (b) of the Fair Labor Standards Act for all Settlement Class members in Class 3 below.

*Id.* at 4:18-22.

The Notice then identifies the three classes discussed in the Joint Stipulation, *id.* at 4-7, and then proceeds to make liberal use of the terms "Settlement Class," "Settlement Class member," and "Eligible Class member." It also advises members of Class 1 their awards cover their claims under California law and their claims under the FLSA. *Id.* at 9:4-6; *see also id.* at 11:19-21. And *all* Settlement Class members are warned they will only receive settlement funds if they opt in and do not opt out. *Id.* at 9:7-10. Later, the Notice advises that Eligible Class Members will release their

2

claims under the FLSA if they are a member of Class 1, Class 3, or both classes, if they opt into this matter. *Id.* at 12:27-13:3. Further, the Notice advises persons who worked in California what their options are if they opt out of the class action, but does not advise them of what their options are if they do not opt into the collective action. *Id.* at 15:1-11.

The primary problem with these pleadings is the parties make inconsistent requests on the Court. On the one hand, the parties request the Court to certify two sub-classes of employees within California, and a collective of employees within the United States but without California. And, the parties request the Court to allow the parties to direct a class notice to members of the two sub-classes, and a collective notice to members of the collective. On the other hand, the parties want the class notice to provide members of Class 1 with the opportunity to opt into the collective. The parties, however, have not requested the Court to certify a collective which includes any California employees. If the parties wish the Court to certify a collective which includes Class 1 members, they should request as such.[1]

In addition, another problem with these pleadings is the parties refer to this matter as a class action, when it is a class action and a collective action. As the Ninth Circuit has held, because of their opt-in and out-out aspects, and how parties and non-parties are bound by them, collective actions differ from class actions. *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). Also, although 29 U.S.C. § 216(b) grants the parties the authority to enforce the FLSA by collective action, it does not grant them the authority to do so by class action. Thus, the parties should not use the term "class action" to encompass the parts of this matter which concern the "collective action." Towards this end, wherever the term "class" occurs, the parties should consider whether the terms "class and collective" or "class or collective" should be used. Alternatively, for terms like "Settlement Class member" the terms "Settlement member" may be more appropriate, as both the class action and the collective action have "members." Lastly, the parties should not imply

///

---

[1] Further, if the parties wish Class 1 members to also proceed as collective members, the parties need to ensure these persons understand how their rights to opt into or opt out of the class action and the collective action differ and how they affect their settlement participation in each action.

the collective members should concern themselves with whether or not to opt out of the collective action. *See* Notice at 2 ¶ 5, 4:4, 9:7-10.

ACCORDINGLY, the parties have fifteen days from the date of this Order to file a revised Joint Stipulation, with all exhibits referenced therein, and a revised Notice with all other documents intended for transmission with it to potential class or collective members.

IT IS SO ORDERED.

August 14, 2008

Saundra Brown Armstrong
United States District Judge

RECEIVED
AUG 1 4 2008