TODD M. SCHNEIDER (SB# 158253)
tschneider@schneiderwallace.com
W.H. "HANK" WILLSON, IV (SB# 233321)
wwillson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1665

CHRISTINA DJERNAES (SB# 177522)
christina@djernaeslaw.com
LAW OFFICE OF CHRISTINA DJERNAES
1215 De La Vina Street, Suite K
Santa Barbara, CA 93101
Telephone: (805) 685-8189

Attorneys for Plaintiffs
LEON TURO, LEILANI HAMMOCK
AND THE SETTLEMENT CLASS

Attorneys for Defendant
ORACLE CORPORATION
listed on page 2 of caption

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON TURO AND LEILANI HAMMOCK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE CORPORATION,<br><br>Defendant. | CASE NO. C-06-2846 SBA<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING JOINT MOTION OF THE PARTIES FOR FINAL APPROVAL OF CLASS-ACTION AND COLLECTIVE-ACTION SETTLEMENT, CONFIRMING APPOINTMENT OF CLASS COUNSEL AND GRANTING CLASS COUNSEL'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>DATE: March 3, 2009<br>TIME: 1:00 pm<br>COURTROOM: 3<br><br>Hon. Saundra Brown Armstrong |

NANCY L. ABELL (SB# 088785)
nancyabell@paulhastings.com
ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
ORACLE CORPORATION

The parties in this action, which alleged past misclassification of various Contract Administrator and License Migration Analyst employees as exempt, unpaid wages and overtime, and other damages, penalties and interest due under various California laws and under the Fair Labor Standards Act, have submitted a Joint Motion of the Parties for Final Approval of Class-Action and Collective-Action Settlement. In addition, the Plaintiffs ask the Court to confirm the appointment of Class Counsel, and Class Counsel has submitted a Motion for Approval of Award of Attorneys' Fees and Costs. The Court, having reviewed the motions, the declarations submitted therewith, the proposed notices to class and collective members and all other documents and the pleadings in the case as a whole, makes the following FINDINGS:

1. The classes jointly proposed and preliminarily certified by the Court were:

(1) All individuals who were employed in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the State of California between April 26, 2002 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime and waiting time penalties under the California Labor Code, and interest on those amounts alleged in the Complaint (the "California Overtime Class"):

| **Covered Job Codes** | **Covered Job Titles** | **Eligibility Period** |
|---|---|---|
| 70510 | Contract Administrator 1, sometimes referred to as Contract Specialist, Contract Analyst, Contractor, Senior Contract Specialist, VAD Contract Specialist and VAD Service Analyst (all level 1) | 4/26/02 – 9/19/04 |

| | | |
|---|---|---|
| 70520 | Contract Administrator 2, sometimes referred to as License Migration Analyst, Contract Analyst, Contract Specialist, Contract Support, Contract Manager, Marketing Specialist, Senior Contract Analyst, Senior Contract Specialist, Senior Field Contract Specialist, Team Lead (all level 2) | 4/26/02 – 10/15/05 |
| 70530 | Contract Administrator 3, sometimes referred to as Contract Specialist, Senior Contract Specialist, Contract Manager, Licensing Consultant, Senior Contract Administrator, Subcontract Manager and Team Lead Contract Administration (all level 3) | 4/26/02 – 12/16/07 |

and

(2) All individuals who are currently employed, or formerly have been employed, in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the State of California between April 26, 2002 and the date of preliminary approval, for the purposes of Plaintiffs' claims for alleged denied meal and rest periods, record-keeping and other wage-hour penalties and interest on those amounts alleged in the Complaint (the "California Penalties Class"):

| **Covered Job Codes** | **Covered Job Titles** | **Eligibility Period** |
|---|---|---|
| 70510 | Contract Administrator 1, sometimes referred to as Contract Specialist, Contract Analyst, Contractor, Senior Contract Specialist, VAD Contract Specialist and VAD Service Analyst (all level 1) | 4/26/02 – Date of Preliminary Approval |
| 70520 | Contract Administrator 2, sometimes referred to as License Migration Analyst, Contract Analyst, Contract Specialist, Contract Support, Contract | 4/26/02 – Date of Preliminary Approval |

| | | |
|---|---|---|
| | Manager, Marketing Specialist, Senior Contract Analyst, Senior Contract Specialist, Senior Field Contract Specialist, Team Lead (all level 2) | |
| 70530 | Contract Administrator 3, sometimes referred to as Contract Specialist, Senior Contract Specialist, Contract Manager, Licensing Consultant, Senior Contract Administrator, Subcontract Manager and Team Lead Contract Administration (all level 3) | 4/26/02 – Date of Preliminary Approval |

2.  As a threshold matter, the classes are well defined as their members are identifiable; second, the proposed classes satisfy the four requirements of Fed.R.Civ.P. 23(a) at 108 and 138 members respectfully. They are numerous. Also, each member of each class suffered the same alleged injuries by the Defendant's alleged violations of California law, and they share the same remedies. Thus, the proposed classes exhibit commonality. Likewise, comparing the named Plaintiffs' claims with those of the unnamed class members, they are substantially if not actually identical in nature. Thus, the proposed classes have typicality. And, lastly, the representative parties appear to have fairly and adequately protected the interests of the classes, and, in particular, there were no apparent conflicts between the named Plaintiffs or their counsel and any class members. Also their counsel prosecuted this action vigorously, completely and competently, as they are extensively experienced in employment and labor class actions. Thus, the proposed classes were adequate.

3.  The proposed classes satisfy Fed.R.Civ.P. 23(b). Here, the parties seek certification under Fed.R.Civ.P. 23(b)(3). This is appropriate for three reasons. First, common questions predominate here, where all proposed members in each class suffered the same injuries and had the same remedies. Second, class action is superior as

there are over a hundred identical claims in each class which would have to be prosecuted in different venues. Seeking the same relief would unduly burden the parties and the court system. Third, considering the four factors of Fed.R.Civ.P. 23(b)(3), the proposed members would benefit more from a class action than by controlling their own individual actions. Also, there are no other matters pending in any jurisdiction arising from the facts giving rise to this matter and the parties' settlement agreement provides for an offset if a member of a proposed class receives a recovery in the suit and in a suit filed outside California but arising from the incidents giving rise to this suit. Moreover, given the fact that the classes involve persons employed in California, California is the favored forum. And, finally, the parties have no difficulty managing the class nature of this action.

4. The Court is inclined to appoint Schneider Wallace Cottrell Brayton Konecky LLP and the Law Office of Christina Djernaes as class counsel. Under Fed.R.Civ.P. 23(c)(1)(b), the Court is required to appoint class counsel under Fed.R.Civ.P. 23(g) when it certifies a class. Under Fed.R.Civ.P. 23(g)(1)(A), in appointing class counsel, the Court must consider: one, the work counsel has done in identifying or investigating potential claims in the action; two, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the case; three, counsel's knowledge of the applicable law; and, four, the resources counsel will commit to representing the class. Further, the appointed counsel must fairly and adequately represent the interests of the class.

5. The Court is inclined to appoint Schneider Wallace Cottrell Brayton Konecky LLP and the Law Office of Christina Djernaes as class counsel. These firms have provided fair, adequate, and vigorous representation in the matter, in part because of their efforts as well as their skill and experience in these types of matters, as supported by the declarations that have been filed with this Court by both. Thus, the Court is appointing these firms as counsel for the classes.

6. The Court is inclined to find that notice in this case was adequate. Fed.R.Civ.P. 23 requires the Court direct to the members of the classes and collective the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. A copy of the notice of proposed settlement of class and collective action is included in the record. This form includes the terms of the settlement and informs the members of the classes of their right to object to it. The notice further informs the members of the classes and collective action of the date of the fairness hearing, March 3rd, 2009, and the fact that if they wish to object, they must file written objections with RG/2 Claims Administration, LLC, by January 15th, 2009.

7. One objection has been filed. Class and collective members were sent as part of their notice package a form entitled "notice of objection to settlement." This form has a space to write entries below preprinted text which states that "I hereby object to the settlement of the above-entitled case for each of the following reasons." The objector, Patricia Herring, writes that "I was hired as a salaried employee. I never received overtime pay." Based upon the discussion at the Final Fairness hearing in connection with her objection, the record before the Court, including that there is no objector—including Ms. Herring—present in court, the Court has overruled the objection.

8. The parties retained RG/2 Claims to provide notice. Between October 22nd and October 29th, 2008, Defendant's counsel forwarded to RG/2 Claims the names and addresses of 354 persons: 105 potential California Overtime Class members, 145 potential California Penalties Class members, and 214 potential FLSA Collective members.[1] RG/2 verified the data were current via the U.S. Postal Service National Change of Address database and, where necessary, via other information sources. On

[1] The total of the number of members of each class and collective (464 members) exceeds the number of Settlement Members (354 members), because many Settlement Members are members of more than one of the classes and collective.

November 10th, 2008, RG/2 mailed packets to all 354 persons consisting of a Notice of Proposed Settlement of Class and Collective Action, the Claim, Waiver, Release and Consent to Join form, the individualized notice to class members of eligible employment, and the Notice of Objection to settlement. Eighteen packets were returned as undeliverable, RG/2 checked again, and 15 packets were resent to an address from which they were not returned. The other three packets were not deliverable. In addition, 200 of the 354 persons were employed at Oracle as of November 12, 2008, and for those 200 persons Oracle personnel sent notice packets on that date to them via interoffice mail and as attachments to emails, none of which were returned as undeliverable. As of February 13, 2009, RG/2 Claims had received 252 claim forms, or 71 percent of 354 packets sent out, broken down as follows: 78 for the California Overtime Class, 98 for the California Penalties Class, and an additional 159 claim forms for the FLSA Collective. Of the total 252 total claim forms, 241 were timely, having been served by January 26, 2009. RG/2 received no opt-out requests for any class or the collective. RG/2 received one purported objection already addressed.

9.   The Court finds the timely notice given in the matter meets these criteria set out in *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 624-625 (9th Cir. 1982). In light of the foregoing, the Court is inclined to find that notice of the proposed final settlement was adequately disseminated and clearly apprised any persons inclined to object to file timely objections in accordance with Fed.R.Civ.P. 23.

10.   In assessing the fairness, reasonableness, and adequacy of the settlement, the Court has evaluated, considered and balanced the following nine exclusive factors: the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; and the reaction of the

class members to the proposed settlement. Based upon the submissions and representations of the parties, the Court is inclined to find the settlement fair, adequate, and reasonable.

11.   With respect to the strength of the Plaintiffs' case, Plaintiffs' counsel conducted a significant factual investigation during the prosecution of this action, including reviewing hundreds of pages of documents produced by Oracle relating to pay policy, time records, and its preclassification decisions. Counsel also deposed Oracle's corporate designee regarding these issues. On March 1, 2007, the parties mediated Plaintiffs' claims. Likewise, Oracle deposed the named Plaintiffs. As a result of this discovery and mediation, Plaintiffs' counsel believes that settlement is in the best interest of the proposed classes and collective and in light of all known facts and circumstances, including the significant risk and delays of litigation presented by the defense and potential appellate issues Oracle may assert. In this regard, Oracle denies any wrongdoing or legal liability arising out of the action. Oracle further alleges that the Court would deny certification because, among other things, individual issues predominate, raising manageability concerns, and it alleges that the Court would adjudicate the case in Oracle's favor on the merits were certification granted. Given the contentious nature of the suit and uncertainty of a successful resolution for Plaintiff, settlement appears to be reasonable.

12.   Given the risk, expense, and complexity were the case to go to trial, Plaintiffs estimate fees and costs would well exceed $2 million per side and may be upward of $3 million. Further, litigating claims in the action would require substantial additional preparation and discovery, and ultimately would involve the deposition and presentation of numerous witnesses, the consideration, preparation, presentation of documented evidence, and the preparation and analysis of expert reports. In addition, Oracle would likely move to decertify any class or collective and appeal any adverse

ruling. In contrast, settlement will yield a prompt, certain, and very substantial recovery for the classes and collective. Such a result will benefit the parties and the court system.

13. Based upon the receipt of 241 timely claims upon final approval of settlement, the 78 members of California Overtime Class will receive an average award of $3,453.03; the 98 members of the California Penalties Class will receive an average award of $616.66; and the 159 members of the FLSA Collective will receive an average award of $2,241.63. In addition, Oracle will pay $25,000 to the California Labor and Workforce Development Agency. This is a substantial recovery. Finally, the two named plaintiffs will each receive $7,500 for their personal time and effort in discovery, including being deposed.

14. Extent of discovery: as already noted, the parties have conducted extensive formal discovery. As Plaintiffs' counsel indicated, the terms of the settlement were based on a thorough evaluation of the evidence and the underlying case law.

15. The views of counsel: Plaintiffs' counsel is of the opinion that the settlement is fair, reasonable, adequate, and in the best interests of the classes in light of all known facts and circumstances. Plaintiffs' counsel has fully advised the representative plaintiffs of the terms of settlement and represents that they fully approve of it and consent to it. With respect to the additional factors, there is no evidence of collusion based upon what this Court has available to it. And the parties have engaged in extensive discovery and mediation. This request for settlement has been reached after formal discovery and arm's-length negotiation. Of the 105 potential California Overtime Class members and 145 potential California Penalties Class members, RG/2 Claims received 78 and 98 claims respectively, a response rate of about 74 and 68 percent, respectively. In addition, out of the 214 potential FLSA Collective Members, they received 159 claims or response rate of about 74 percent. There were no opt-outs and only one purported

objection, which has been overruled. So support for the settlement among the class and collective members has been substantial.

16. After evaluating all the relevant factors, the Court is inclined to approve the settlement under Fed.R.Civ.P. 23. The Court is also inclined to find the amount of the settlement is of substantial value to the settlement classes and collective and that the overall settlement is therefore fair, reasonable, and adequate under Fed.R.Civ.P. 23.

17. The collective under the Fair Labor Standards Act jointly proposed and preliminarily certified by the Court was:

All individuals who were employed in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the United States between April 26, 2003 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime, liquidated damages, and interest alleged in the Complaint under the Fair Labor Standards Act (the "FLSA Collective"):

| **Covered Job Codes** | **Covered Job Titles** | **Eligibility Period** |
|---|---|---|
| 70510 | Contract Administrator 1, sometimes referred to as Contract Specialist, Contract Analyst, Contractor, Senior Contract Specialist, VAD Contract Specialist and VAD Service Analyst (all level 1) | 4/26/03 – 9/19/04 |
| 70520 | Contract Administrator 2, sometimes referred to as License Migration Analyst, Contract | 4/26/03 – 10/15/05 |

| | | |
|---|---|---|
| | Analyst, Contract Specialist, Contract Support, Contract Manager, Marketing Specialist, Senior Contract Analyst, Senior Contract Specialist, Senior Field Contract Specialist, Team Lead (all level 2) | |
| 70530 | Contract Administrator 3, sometimes referred to as Contract Specialist, Senior Contract Specialist, Contract Manager, Licensing Consultant, Senior Contract Administrator, Subcontract Manager and Team Lead Contract Administration (all level 3) | 4/26/03 – 12/16/07 |

18. The Court is inclined to certify the collective because it is similar and the notice, opt-in forms, and other related forms were adequate.

19. Similarity: to certify a matter as a collective action, the potential plaintiff (current and former) employees must be similarly situated to the filing plaintiff. The Court is inclined to find that the potential plaintiff (current and former) employees are similarly situated to the filing Plaintiffs given their single employer, similar treatment, similar claims for overtime pay, similar job titles and functions, and the parties' apparent agreement on this issue.

20. Notice: because non-parties to a collective action are not subject to claim preclusion, giving notice to potential plaintiffs of a collective action has less to do with the due process rights of the potential plaintiffs and more to do with the named plaintiffs' interests in vigorously pursuing the litigation and the Court's interest in managing collective actions. Here, the Court has already found that it is inclined to find that the procedures used to provide notice to the proposed members of the Rule 23 classes were adequate to provide them with the opportunity to opt out and protect their rights to

pursue an independent action. This is a greater due process burden than that imposed on a notice to a proposed collective member. Because the same procedures were used to deliver notice packets to the proposed class and collective members, the Court is inclined to find that these procedures were adequate under the FLSA.

21. Turning to the substance of the notice, the form includes the terms of the proposed settlement and informs the collective members of their right to object to it. The notice further informs them of the date of the fairness hearing, and if they wish to object, they must file written objections by January 15th, 2009. And it further advised the collective members (separately from the information provided regarding the class actions) how to opt in if they wished to participate in the settlement, as well as the fact that failing to do so will not impact their rights under the FLSA. Out of the 214 potential collective members, 159 opted in and none objected. The Court is inclined to find that this notice was substantively adequate.

22. The Court is inclined to certify the proposed collective of plaintiffs under the FLSA.

23. Turning to the Motion for Approval of Award of Attorneys' Fees and Costs, the Court notes that Plaintiffs' counsel (*i.e.*, class counsel) has requested fees in the amount of $228,729.60, or 25 percent of the value of the funds allocated for settlement, as follows: Oracle paid $1,187,500 to RG/2 Claims as total settlement funds. Prior to issuing the notice packets, the parties had allocated $20,000 for litigation costs, $7,500 for each of the two named Plaintiffs, and $27,000 for RG/2 Claims's fees and costs, which left $1,125,500 for claims payments. Of this amount, class and collective members submitted claims for approximately $910,000 in settlement funds. Per the parties' settlement agreement, upon final approval, 25 percent of this amount will be paid to Plaintiffs' counsel as attorneys' fees. The amount of settlement funds unclaimed, or $214,659.37,

will revert to Oracle, according to the settlement agreement.  So the amount requested for attorneys' fees is in line with the Ninth Circuit benchmark of 25 percent.

24. The Court is inclined to find that the request for fees and costs is fair and reasonable.  In the Ninth Circuit, a district court has discretion to award fees in common fund cases based on either the so-called lodestar multiplier method or the percentage-of-the-fund method.  The Ninth Circuit has expressly approved the use of percentage methods in common fund cases, and 25 percent has been found to be reasonable.  The Court considers that the circumstances of this case compare favorably with the *Vizcaino* factors.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

25. Results obtained: Class counsel obtained favorable results on behalf of the class and collective members.

26. The risks for the class counsel: Counsel for the Plaintiffs have actively litigated these claims for almost three years against a large business entity with substantial resources with no guarantee of any recovery.  Further, the employees at issue are paid relatively large salaries and perform relatively sophisticated tasks, making recovery uncertain.

27. Non-monetary benefits achieved: Plaintiffs' counsel asserts that it has vindicated important public policies expressed in California and federal wage and overtime laws.

28. The reasonable market rate factor: Contingency fee agreements of one-third are very common, and, therefore, an award of less than that market rate, in this case 25 percent, is reasonable and is favorable to the interests of class and collective members.

29. And lastly, preclusion of other employment: Representation of the classes and collective required counsel to forgo other work, which is a relevant factor under *Vizcaino*.

30. Accordingly, the Court is inclined to approve the $228,729.60 requested for attorneys' fees as well as the costs.

Based upon the foregoing FINDINGS, the Court makes the following ORDERS:

1. Pursuant to and in compliance with Fed.R.Civ.P. 23, due and adequate notice was directed to all persons and entities who are members of the two classes and the collective who could be identified with reasonable effort. This notice adequately advised those persons of the Revised Joint Stipulation of Class and Collective Action Settlement Between Plaintiffs and Defendant, Settlement Agreement and Release, and of their right to object thereto.

2. A full and fair opportunity was provided to any such persons to be heard with respect to the settlement and no timely objections to the settlement were filed that were sustained.

3. The settlement is fair, reasonable, and adequate, and the Court hereby grants the Joint Motion of the Parties for Final Approval of Class Action and Collective Action Settlement.

4. The Court appoints Schneider Wallace Cottrell Brayton Konecky

LLP and the Law Office of Christina Djernaes as class counsel.

5. The Court grants the Motion for Approval of Award of Attorneys' Fees and Costs pursuant to Fed.R.Civ.P. 23(h) and Local Rule 54-6 and hereby awards attorneys' fees in the amount of $228,729.60 and litigation expenses in the amount of $20,000 to Schneider Wallace Cottrell Brayton Konecky LLP, and the Law Offices of Christina Djernaes.

6. The Court hereby awards the class representatives, Leon Turo and Leilani Hammock, the amount of $7,500 each as compensation for services rendered as class representatives.

7. The Court approves: one, the release of $686,188.81 from RG/2 Claims to Class and Collective members who submitted valid and timely claims form; and, two, the reversion of $214,659.37 to Oracle from RG/2 Claims.

8. The Court approves an award of fees and costs in the amount of $27,000 to RG/2 Claims Administration, LLC, for services rendered as the claims administrator.

9. The parties will be paid any interest that has accrued on the above monetary amounts on a pro-rata basis.

Dated: _3/17/09

The Hon. Saundra Brown Armstrong

Approved as to form:

DATED: March 17, 2009

TODD M. SCHNEIDER
W.H. "HANK" WILLSON, IV
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

CHRISTINA DJERNAES
LAW OFFICE OF CHRISTINA DJERNAES

By: */s/ Hank Willson*
Hank Willson

Attorneys for Plaintiffs
LEON TURO, LEILANI HAMMOCK AND THE PUTATIVE CLASS

Case No. C-06-2846 SBA 15 [PROPOSED] ORDER GRANTING FINAL APPROVAL AND ATTORNEYS' FEES AND COSTS

DATED: March 17, 2009

NANCY L. ABELL
ELIZABETH A. BROWN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: */s/ Nancy Abell*
Nancy L. Abell

Attorneys for Defendant
ORACLE CORPORATION